# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RAMON SILVA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-07808 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter now is ready for decision.

## BACKGROUND

On July 8, 2014, Plaintiff filed applications for DIB and SSI alleging disability beginning November 2, 2012. (Administrative Record ("AR") 188-98.) His applications were denied initially and upon reconsideration. (AR 92-96, 102-07.)

Plaintiff appeared with counsel at a hearing conducted before an Administrative Law Judge ("ALJ") on March 10, 2016. (AR 33-52.) A vocational expert ("VE") also testified. On May 11, 2016, the ALJ issued a decision denying benefits and finding Plaintiff not disabled (AR 28.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 2, 2012, and had the following severe impairments: morbid obesity, obstructive sleep apnea ("OSA"), chronic obstructive pulmonary disease ("COPD"), degenerative joint disease in the bilateral knees, lumbar spinal stenosis, degenerative disc disease of the lumbar spine, lumbago, myalgia, and myositis. (AR 21.) The ALJ further found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 22.)

After consideration of Plaintiff's subjective symptom testimony and the medical evidence, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with occasional postural limitations. (AR 22.) The ALJ specified that Plaintiff could: lift and/or carry ten pounds occasionally and less than that frequently, stand and/or walk with normal breaks for two hours in an eight-hour work day, sit with normal breaks for six hours in an eight-hour work day, and push and pull frequently with upper and lower extremities bilaterally. *Id.* The ALJ also found that Plaintiff should avoid climbing ladders, ropes, or scaffolds; avoid crawling, unprotected heights or dangerous machinery; avoid extreme exposure to fumes, odors, dusts, gases, and poor ventilation; and avoid extremes in temperature hot or cold, wetness and vibration. *Id*.

The ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…." (AR 23.) The ALJ concluded, "the [RFC] is consistent with the objective medical evidence of record

and represents the most the claimant is able to perform on a regular and continuing basis." (AR 27.)

The ALJ found Plaintiff's RFC did not permit him to perform his past relevant work as "a childcare," "dishwasher," or "framer." (AR 27.) Based on the VE's testimony, the ALJ found that Plaintiff could perform other work as "assembler" and "packager." (AR 28.) The ALJ thus concluded that Plaintiff had not been under a disability as defined by the Social Security Act at any time from November 2, 2012 through the date of the ALJ's decision. *Id*.

On August 28, 2017, the Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1-4.)

**DISPUTED ISSUES**

1. Whether the ALJ properly assessed the treating physician's opinion in determining Plaintiff's RFC.
2. Whether the ALJ properly assessed Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court reviews the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Garrison,* 759 F.3d at 1010; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d

625, 630 (9th Cir. 2007). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. *Treichler*, 775 F.3d at 1099.

## DISCUSSION

**I. THE ALJ'S ASSESSMENT OF THE TREATING PHYSICIAN'S OPINION AND THE RFC DETERMINATION**

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ who sets forth sufficient specific and legitimate reasons supported by substantial evidence may give reduced weight to a treating physician's opinion where there is a conflict between that opinion and the opinions of other physicians. *See id.; Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008), *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In addition, an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and citation omitted.)

On October 3, 2014, Plaintiff's primary pain management physician, Dr. Lee, signed a "Physical Residual Function Capacity Statement." (AR 363-66.) The answers to this questionnaire indicated that Plaintiff could not climb steps without the use of a handrail, nor could he stoop, crouch, or bend. (AR 364.) They also stated that Plaintiff's pain levels would require twenty-minute rest breaks, totaling one hour per eight-hour work day. *Id.* In addition, Plaintiff could sit for one hour before needing to stand up and stand and walk for thirty minutes at a time for a total of two hours in an eight-hour work day, but would often require unscheduled breaks. (AR

4

364-65.) Plaintiff could lift and carry fifteen pounds occasionally, he could not push or pull arm or leg controls for six or more hours a day, and he could not climb ladders, scaffolds, ropes, or ramps. (AR 366.) Every month, Plaintiff would be absent from work for three days and he could not complete an eight-hour work day for five days or more. *Id.*

As one reason for discounting Dr. Lee's October 2014 opinion, the ALJ found that "the claimant provided the answers" in the questionnaire. (AR 26, citing AR 366 (the questionnaire stating, "The answers are given by the patient himself . . . ."). This is a valid basis for giving reduced weight to the opinion of the treating physician. *See Tonapetyan*, 242 F.3d at 1149 (physician's opinion may be properly discounted if it is based on the claimant's subjective complaints and testing within the complainant's control); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) ("an opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted"). The ALJ also properly discounted Dr. Lee's opinion because it was conclusory and lacking in explanation (AR 26), *see Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996), and because the ALJ found that treatment records did not support Dr. Lee's conclusion on Plaintiff's ability to work (AR 26). *See Magallanes*, 881 F.2d at 751; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

While Plaintiff contends that the totality of the evidence was consistent with a more restrictive RFC and with certain aspects of Dr. Lee's opinion, the ALJ summarized and analyzed in detail the medical evidence in assessing Plaintiff's RFC. (AR 23-26.) Plaintiff argues essentially that the Court should reweigh the evidence in his favor. However, it is the ALJ's duty to resolve ambiguities in the medical evidence, and when "evidence can reasonably support either affirming or reversing the [ALJ's] conclusion, the court may not substitute its judgment for that of the [ALJ]." *Flaten v. Sec'y of Health & Human Services*, 44 F.3d 1453, 1457 (9th Cir.

1995). Accordingly, the ALJ's assessment of Dr. Lee's opinion and the RFC finding were not erroneous and do not provide a basis for reversal.

## II. THE ALJ'S ADVERSE CREDIBILITY DETERMINATION

Where a claimant has presented evidence of an underlying impairment and the record is devoid of affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's subjective symptom statements must be "specific, clear and convincing." *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell*, 775 F.3d at 1138 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc)).

Factors the ALJ may consider when making such determinations include the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see generally* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although comparison of the subjective testimony with the objective medical evidence may not be the sole basis for discounting pain testimony, the ALJ can consider it as a factor in the credibility analysis. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, Plaintiff alleged that he was disabled due to COPD, GERD, obesity, chronic back and knee pain and muscle spasms, diabetes, high cholesterol, and high blood pressure. Additionally, he claimed that his COPD and prescribed medications caused him to constantly feel tired and drowsy, that he can sit for only thirty minutes

at a time, and that he must lie down for four hours during a normal nine to five day. Plaintiff stated that he can lift (but not carry) a gallon of milk and that he requires assistance from his family to raise his son. Plaintiff takes Tramadol, cyclobenzaprine, a patch, gel, and Toradol injections to manage his pain.

Initially, the ALJ found that Plaintiff − despite alleging the onset of his disabilities to be November 2, 2012 − did not seek treatment for his conditions until 2014. (AR 25.) According to the ALJ, this delay in seeking treatment diminished Plaintiff's persuasiveness. (*Id*.) This finding is supported by substantial evidence and constitutes a valid basis for the ALJ's adverse credibility determination. *See Molina,* 674 F.3d at 1113 (ALJ may rely on unexplained failure to seek treatment in assessing credibility); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (upholding ALJ's adverse credibility determination where claimant's absence of treatment suggested she had not actually been in debilitating pain). Moreover, although Plaintiff complained of disabling back and knee pain, he did not receive treatment from an orthopedic specialist for his musculoskeletal complaints. (AR 25.) This begs the question why Plaintiff did not go to a specialist who could identify the source of and treat his claimed symptoms, and it is also valid ground for the ALJ's credibility determination. *See Johnson*, 60 F.3d at 1434.

In addition, the ALJ found that Plaintiff's subjective claims were not entitled to full weight because of inconsistencies with the objective record. For instance, although Plaintiff alleged disability caused by COPD and OSA, recent examinations noted no obvious obstructions, no evidence of bronchodilator response, and normal diffusing capacity limits. (AR 23, citing 309, 310.) Similarly, Plaintiff's use of the recommended CPAP machine showed significant improvements in that he felt much better and less tired during the day. (AR 309-10, 316, 321, 355, 410, 413.) No evidence showed Plaintiff needing emergency care or hospitalizations in connection with his COPD or OSA. Regarding Plaintiff's claims of debilitating low back pain and muscle spasms, the objective medical record evidence showed effective

treatment of these conditions and a reduction of the symptoms he allegedly suffered. (AR 23, citing AR 298, 299, 302.) Studies revealed only "mild degenerative spurring" in the thoracic spine, and no acute abnormalities altogether. By February 2015, Plaintiff's pain control was "fair" and "better." (AR 24, citing AR 443, 447.) He continued to experience tenderness of the lumbar spine and had positive lumbar facet loading; however, no evidence of neurological, motor, or sensory defects was provided. (AR 518-19.) The ALJ also found that contrary to Plaintiff's claim of disability due to bilateral knee pain, MRIs and exams in 2015 showed that while some pain existed in Plaintiff's knees, it did not limit his range of motion or ability to independently walk and exercise. (AR 24-25, citing AR 465, 509.)

Based on this evidence and as discussed in the written decision, the ALJ found multiple conflicts between Plaintiff's subjective pain testimony and the objective medical evidence. Because those findings are supported by substantial evidence, the Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ."). The ALJ properly considered these inconsistencies as a factor in his assessment of Plaintiff's credibility. *See Bray*, 554 F.3d at 1227 (upholding ALJ's adverse credibility determination in part where claimant's statements at the hearing did not "comport with objective evidence in her medical record"); *Burch*, 400 F.3d at 680-81 (same, where claimant's testimony was belied by objective medical findings); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); 20 C.F.R. § 404.1529(c)(2).

Finally, the ALJ's decision referred to Plaintiff's "activities of daily living" and "essentially conservative" treatment as additional reasons for discounting his credibility. (AR 25.) In general, these considerations may be valid reasons that will support an adverse credibility determination. *See, e.g., Molina*, 674 F.3d at 1113 (daily activities); *Johnson*, 60 F.3d at 1434 (conservative treatment). However, even

if the ALJ's decision here did not provide sufficient specificity in analyzing these two reasons, any error in this regard is harmless because (as discussed above) other valid reasons were provided that justify the credibility finding. *See Batson*, 359 F.3d at 1197.

\* \* \* \* \*

Accordingly, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: 8/23/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE